## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jonathan Seijo <br> Debtor(s) | CHAPTER 13 |
| MIDFIRST BANK <br> Movant <br> vs. | NO. 22-10359 MDC |
| Jonathan Seijo <br> Debtor(s) | |
| Kenneth E. West <br> Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$12,935.84** , which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 2022 through June 2022 at $2,920.85 /month |
| Accrued Late Charges | $214.44 |
| Fees & Costs Relating to Motion: | $1,038.00 |
| **Total Post-Petition Arrears** | **$12,935.84** |

2.    The Debtor(s) shall cure said arrearages through within the following schedule:

a)  Debtor shall sell the property within six (6) months of Court approval of this Stipulation, including a complete payoff to MidFirst Bank based upon a accurate payoff amount at the time of closing.

3.    In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

4.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived .

5.    If the case is converted to Chapter 7, the Movant may file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.     The provisions of this stipulation do not constitute a waiver by the Movant of its

right to seek reimbursement of any amounts not included in this stipulation, including fees and costs,

due under the terms of the mortgage and applicable law.

9.     The parties agree that a facsimile signature shall be considered an original signature.


Date:    June 2, 2022

**/s/ Rebecca A. Solarz, Esquire**
Rebecca A. Solarz, Esquire
Attorney for Movant


Date: 6/9/2022

Michael G. Deegan
Attorney for Debtor(s)


Date: 6/13/2022

/s/ LeeAne O. Huggins

Kenneth E. West, Esq.
Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2022.  However, the court
retains discretion regarding entry of any further order.


_____
Bankruptcy Judge
Magdeline C. Coleman