**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| JONATHAN SEIJO | : | |
| | : | |
| | : | |
| Debtor(s) | : | Bankruptcy No. 22-10359 mdc |

**ORDER**

   **AND NOW,** this _____ day of _____, 20___, upon consideration of the Motion to Sell Real Property filed by debtor, upon notice to all interested parties, and any response thereto, it is hereby

   **ORDERED,** that debtor is authorized to sell his/her real property located at 5 Fox Ridge Road, Glenmoore, PA 19343 ("Property"), with all liens to be paid at closing, for the sale price of $525,000.00 , pursuant to the terms of a certain real estate agreement of sale dated as of October 14, 2022 , to the buyer(s) thereunder, James Parmiter and Jessica Ann Parmiter ("Buyer"), who have been represented to be purchasing the Property at arms-length.

   The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1.  Ordinary and reasonable settlement costs, including,
     but not limited to those related to notary services, deed
     preparation, disbursements, express shipping, surveys,
     municipal certifications, or any other such routine matters
     PA realty transfer tax                    $5,250.00

2.  Liens paid at closing –
     Midland Mortgage                     $465,218.05
     Melissa Seijo – Child Support Arrears pursuant to
      23 Pa.C.S.A. section 4352(d)              $18,280.05[1]

3.  Real estate taxes, sewer, trash and/or other such items      $_____

4.  Property repairs, if any                  $_____

---

[1] This an estimated amount.  Actual amount due through closing to be paid in accordance with this Order.

| | | |
|---|---|---|
| 5. | Real estate commission, at no greater than 6% | $23,625.00 |
| 6. | Attorneys' fees, if any | $_____ |
| 7. | Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement | $_____ |
| 8. | Other - Seller Assist | $5,000.00 |
| | Total Due Seller (Debtor)-11 U.S.C. 522(d)(1) ESTIMATED | $7,626.90[2] |

    This Order is contingent upon the mortgage lien held by Midland Mortgage, or its assigns being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date and the Debtor shall have ninety (90) days from the entry of this Order to sell the property.

    After paying all liens in full and all costs of sale and the estimated amount due Seller above, the title clerk shall pay to Kenneth E. West, Chapter 13 trustee, the balance of the sales proceeds, if any, which are anticipated to be approximately **$0.00**, to be held by the standing trustee as a special receipt, to be available under debtor's plan for distribution to unsecured creditors. Debtor shall immediately amend his plan, consistent with this Order and the sale of the Property.

    All secured and priority creditors paid any proceeds from the sale shall file an Amended Proof of Claim or withdraw their Proof of Claim

    The title clerk shall fax a (215-627-6299) and email (settlementsheet@ph13trustee.com) a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

    Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.

                                       BY THE COURT

                                       _____
                                       HON. MAGDELINE D. COLEMAN
                                       BANKRUPTCY JUDGE

---

[2] This figure is an estimate of the net proceeds. The final net proceeds shall be split 60% to Jonathan Seijo (the "debtor") and 40% to Melissa Seijo to resolve her objection to the Sale Motion.